Hello judges. Counsel for Strickland still has not been reached. We've attempted to contact them to no avail. Okay and have we have we tried to reach someone from from counsel I guess it's Mr. Padway's office. Yes we've attempted to contact their office, call his personal cell phone, and text his Okay thank you. I think unless Judge McGeough or Chief Judge Kuhl have a different proposed solution it seems to me that we could either submit this case on the briefs or what I think is more appropriate if the AT&T Pension Benefit Plan counsel is here to let them argue and then we'll decide if we get a later request for a supplemental response we'll deal with that. Okay so why don't we proceed with the Strickland case. Thank you I agree with that Judge Kuhl. And so do I. Okay so could the clerk of the court please note for the record that the panel is proceeding to the Strickland v. AT&T Pension Benefit Plan case number 18-15336 and that appellant's counsel is not here despite the notices given and we've been unable to reach counsel or some other representative and so therefore the court will proceed to to hear from appellee and for appellee we have Susan Pangborn. If I'm pronouncing that correctly. You are. Susan Pangborn should proceed with her argument and I'll just also add that if we later receive some pleading from Mr. Padway asking us to consider a brief something we'll deal with that then. Thank you your honor. May it please the court my name is Susan Pangborn I am representing AT&T Pension Plan and the issue in this case is whether the district court properly determined that the AT&T plan administrator did not abuse its discretion when it found that Mr. Strickland was no longer totally disabled within the meaning of the pension plan. It's well settled um based on the supreme court's decision in Firestone versus Bruges that when a plan delegates to a plan administrator complete discretion to make claims determinations and interpret the terms of the plan the review of the plan administrator's decisions is an abuse of discretion. And under the abuse of discretion standard any reasonable basis that supports an administrator's decision means there is no abuse of discretion and here there certainly was a reasonable basis for how the plan administrator acted. One of the issues that Mr. Strickland raised in his brief was whether there was a conflict of interest and he conceded that there was no structural conflict of interest which occurs when the funding of the plan and the plan administrator are the same entities. Here the plan administrator was Sedgwick um under the name of IDSC. Mr. Strickland also raised the issue of whether he should have been able to have discovery to see if he could come up with some evidence of a conflict of interest and basically what he was requesting was a fishing expedition and that is improper and in fact if you look at the administrative record here it's very clear that there was no bias. Mr. Strickland had previously been awarded short term disability benefits and long term disability benefits under a different AT&T plan. When he was no longer qualified for those long term benefits he elected to take benefits under the pension plan. So under the pension plan if he meets certain requirements including showing that he is totally disabled as defined by the plan he's entitled to pension disability benefits. Now of note obtaining pension disability benefits is completely separate from pension benefits which are not affected so when Mr. Strickland hits the time under the plan at which he qualifies for pension benefits this denial of pension disability benefits has no effect. Ms. Pangborn can I ask you a question? Yes your honor. This is Judge Murkia. So when will Mr. Strickland be eligible for regular pension benefits under his plan? So I believe he could in fact take pension benefits now but because he has not hit the modified rule of 75 those benefits would be lessened. I mean he could take a smaller benefit amount. I don't recall his exact age and whether I think within the next few years I want to say next three years or so to the best of my recollection he will hit the modified rule to get the full pension benefits. And another question I had is because of what happened here in his failure to deliver his documents, his medical records, was this his only opportunity to do so? Well does he get, I mean in six months or a year can he make another application of this or was this it and it was one shot? In terms of the pension disability benefits this was it. Under the terms that has been as the plan has been interpreted by the plan administrator you have to first qualify for pension disability benefits when you are employed. He's no longer employed and therefore there's no mechanism for starting the pension disability benefits again. So it would be the same as for example if an individual who qualified for an AT&T pension left AT&T, did not yet apply for pension benefits but during that time period before he was eligible for pension benefits he became disabled. It's a reasonable I believe interpretation of the plan and because it is reasonable the plan administrator's determination should be upheld. Here in terms of how Mr. Strickland was treated, I believe that the administrative record clearly shows that he was told many times he needed to provide the documents. So to the extent that initially he had some confusion about whether he had to get the documents because it was a different procedure than under long-term disability, the record is replete with numerous phone calls, communications to Mr. Strickland telling him it was his obligation to get the records. The administrator, Sue Esponte, granted extensions to enable him. So even though the records were first requested and in December, the final decision wasn't rendered until the end of April, 1st of March and during that time it granted numerous extensions for him to get the records and quite simply he didn't do it. Did the plan administrator here have access to all of the prior medical records of Mr. Strickland? Because it appears rather well documented that over the previous several years that Mr. Strickland did have a disabling type of condition. I'm not making any kind of medical assessment. It just seems like he had been eligible for a number of years and there may have been a likelihood that he is still disabled. Is there any obligation on the plan administrator to review those documents and make those assessments or is it just because he failed to give the additional or updated medical records that's enough? Well first he was under two different disability plans and he in fact started pension disability benefits when he no longer met the qualifications for telling him that he qualified for pension disability benefits that it would be reviewed periodically and that he must stay under the care of a physician. So I'm not a doctor either and I don't want to guess whether he had some sort of disability and if we had the records and then looking at the other records it was clear. When I look at the other records I don't necessarily think it's clear and I do think it's reasonable for the plan administrator to say we need you to provide updates. We need to make sure that you remain totally disabled. The plan states that claimants must provide the information that's requested and Mr. Strickland did not do so. I mean the plan has an obligation not only to Mr. Strickland but the plan has an obligation to a fiduciary obligation to others who obtain benefits under the plan. So when it follows its procedure when it lets him know from the very beginning this is what we need to ensure that meet this definition and he doesn't provide it medical records from way back I don't think it's an abuse of discretion for the plan administrator to decide we have to have updated records to review and gave him every opportunity to provide such records. I was just curious if I could just this last question because under that Montour case it seems like there is at least a reference or statement that you know failure to address a contrary decision by the Social Security Administration is not necessarily fatal to a decision denying benefits and Mr. Strickland makes that argument here when the plan relied on other evidence to reach its conclusion. And I wanted to just ask you if I could Ms. Payne-Born is the other evidence that the plan relied on here just the lack of updated information or any other medical explanation or evidence that was in the record? So first of all I would say with regard to Montour where there was in fact a structural conflict of interest you know the court did address and also in that case the long-term disability benefits being received by the plaintiff and Montour were offset by Social Security's lack of updated information. I mean in fact there had not been any information submitted for a year and again at the very beginning he was told that he was going to have to stay under a doctor's care and that there would be periodic checks to ensure and he was told throughout the process if you don't provide us with the records you know your claim will be denied. And he simply didn't apparently take it I don't want to say he didn't take it seriously but he didn't provide the records. This is probably more of a practical question it appears that at is that Mr. Strickland was accustomed from the time he was under the short-term and long-term disability plan benefits that records were being sent electronically perhaps to the administrator and what happened here is the provider Muir Medical whatever they're called has this policy of not sending records directly to administrators. The beneficiary or plan participant has to pick them up. Just wondering would the administrator ever just reach out directly to the medical provider? I mean it gets pretty confusing for you know participants and these big medical providers have lots of patients. It seems like this is a situation that maybe could have been resolved if the participant and Muir had just communicated and somehow arranged to get the records. I'm not saying that the plan requires the administrator to do that but is there any indication that the administrator did that reached out at all to the Muir? So even though previously the administrator Mr. Strickland claims under long-term disability reached out to get medical records here Mr. Strickland was repeatedly told he needed to get them. So even if he had a misunderstanding at the beginning I don't think by the time that at least the claim was denied there was that misunderstanding. With regard to John Muir the plan did not reach out to John Muir and request the records. What the plan or the appeal specialist did was reached out to Mr. Strickland. And the first call to Mr. Strickland was he they were unable to reach him because his voicemail was full even though they had told him in an earlier conversation. And in a conversation in which they discussed the John didn't have the records and that he needed to get the records that he needed to stay in contact. The plan administrator followed up again with Mr. Strickland and said please return our call within two days. Ask on that call on that message because she was unable to reach him directly whether he needed additional time to told the period for the decision to be made. And they never heard from Mr. Strickland. I'm sorry to interrupt I know he was appears that he was not he was not responsive in many cases. There were phone calls made and letters and things of that sort. The records did get submitted eventually in January of the following year I think when his attorney submitted them. Correct. I guess that's just too little too late under the terms of the of the plan which goes to Judge McGue's earlier question I suppose. Yeah exactly there's no conflict of interest here even so there would be abusive discretion standard. I mean Mr. Strickland I think the record shows that Mr. Strickland after the appeal was denied indicated to the plan administrator that John Muir wouldn't release the records because he hadn't paid his bill. Now certainly if he'd raised that concern they probably would have gotten more time etc. But but again the the question comes back to whether the plan acted if there was a reasonable basis and it's not unreasonable under the plan for there to be interpretation to require consistent with the plan medical records and to follow the process and and make the decision that Mr. Strickland simply had not shown that he remained totally disabled. Thank you. I think my time is just about up if there are any more questions. Yeah I don't have any. I think your time I think your time is formally up because that clock's ticking upward. Unfortunately for you the non-show from Mr. Badaway doesn't cede his time to you. Ah thank you all very much. So unless Judge Borgia or Chief Judge Cole have questions I think we should conclude. Thank you no I have no more questions. Okay thank you very much. Let me just state for the for the record the case of Strickland versus AT&T pension benefit plan shall now be submitted. I anticipate that the panel in some way will communicate with counsel for Mr. Strickland and if if he asks us to reopen this and consider anything further you know we'll do so formally. I mean having heard nothing further uh Strickland versus AT&T pension benefit plan number 1815336 shall now be submitted. And the panel having no other cases to be argued will adjourn for the day. Thank you.
judges: Cole Jr., Gould, Murguia